The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning, everyone. First case this morning is number 087012, Ellington v. DVA. Thank you, Your Honor. Mr. Ellington filed a timely notice of disagreement with an original agency adjudication, which made the initial assignment of an effective date for secondary conditions of hypertension and diabetes. The regional office assigned a 1998 effective date. He contended he was entitled to an earlier effective date. The BVA and the CABC denied that appeal. It's the date that he wants, the February of 1996 date, the date that was established for service connection for the leukemia itself. No, Your Honor. The effective date would relate back at least to 1993, when under the informal, this court's interpretation of the 3.155 informal claim provisions, the veteran reasonably asserted an informal claim for secondary conditions when he responded to a VA inquiry that was made in connection with the development of the original claim. Okay, so the original effective date, then, is October 31, 1994, the leukemia. Is that right? No, it's October 1990, Your Honor. I'm sorry, that's what I meant, 1990. I'm saying the wrong thing. I'm glad you're correcting me. And so what he's asking for is to go back to 93, the date of Virginia Form 21-2545. That would be the latest date. Okay, see, here's the thing that concerns me. In general, maybe I'm mischaracterizing the argument. Tell me if I am. But I see it as an argument where you're asking that we construe the relevant Section 3.310A as suggesting that whenever someone has a secondary condition, they automatically get the date of the first condition. And the reason that I find that troubling is in many, many, many cases, the secondary condition is something that evolves over time. It simply wasn't present in the initial condition. I'm sure you would agree. And so I don't think that we could possibly reach a conclusion that you automatically get the date of your first condition when there's no evidence of symptoms that exist at that time. I do understand what you're saying, but that's not what the veteran is arguing. What he's arguing is that his secondary claims, first of all, the basic entitlement provisions of 38 U.S.C. 1110, don't refer to disability for a particular disease. They refer to disability that's related to a disease that is related to the veteran's service. So the disability, this court has previously construed as meaning the, it doesn't refer to the diagnosis. It refers to the amount of disability. What we are saying is that the secondary claim relates back to the filing of the original claim for service connection as part of it because the secondary condition is a residual. When it comes to an effective date, then the VA must apply the very same rules that it applies to the rating of the original claim, and that is either the date that the claim is filed, which would be the 1990 date you're referring to, or the date that entitlement arose. Entitlement does not arise. But you agree it wouldn't make sense to give the 1990 date. Don't you agree that that doesn't make sense? In this case, much less than others. Well, on the facts of this case, there's no evidence as to when the date of the veteran's onset, when the onset of his diabetes and hypertension was, although it's related because of the veteran's treatment for leukemia. So the treatment continued until 1992. Logically, on the facts of this case, it's not going to be before the termination of treatment. One would assume that that issue was never developed. Go back. So you would agree with me that it isn't really a sensible rule to say that the secondary condition always gets the date of the primary condition. But that's not what we're saying. We're saying that the VA must consider the date of the primary condition or the date, the secondary condition. I'm just trying to get some agreement with you here. But wouldn't you agree that it doesn't make sense to say that the first, the date of the first condition, the effective date of the first condition, is always the date that you automatically get for a second condition? We agree with that, Your Honor, and that is not what Mr. Long did contest. Okay. I just want to make sure that we're in agreement. So then how do we, if it's not the fact that you automatically get the date of the primary condition for your secondary condition, how do we determine what that date should then be? Shouldn't it be the date you file a claim, sort of like it is for the primary condition itself? So you'd have to file a separate claim for that secondary condition to be entitled to. The effective date, Your Honor, is controlled by 5110, and the VA's regulation at 3.400, which says that the effective date is either the date the claim is filed or the date entitlement arose. The date entitlement arose is the date that the veteran actually manifested a rateable disability. But the date you can prove he manifested it, right? I mean, there has to be some tangible proof. That would be a medical issue. Certainly. And that claim, that fact issue has never been developed on this record because the VA has never considered him as having filed. The VA has never considered the secondary conditions to have been filed at the time or claimed at the time the veteran filed his initial claim. But isn't that a question of fact, over which we have no jurisdiction? I mean, that really boils down, it seems to me, and maybe I'm wrong, but that your argument is Virginia Form 21-2545 should be construed as an informal claim. And it seems like a question of fact, and while I'd love to have the ability to reach out and look at those kinds of things, it doesn't seem that we do under our jurisdictional statute. Whether the 21-2545 document contained statements that are sufficient to constitute an informal claim is judged by the legal standard stated in the Roberson, Zinre, and Moody jurisprudence in this court. In those cases, what the court said was that the VA has to give it a sympathetic reading, and it offers guidance to us, those three cases combined, offer guidance on what that requires. It does not require, as the VBA and the CABC seem to have stated, seem to suggest in this case, that the veteran articulate the specific benefit claim. But Moody and Zinre, in both of those cases, they were pleadings. So we have to give a sympathetic reading to pro se pleadings. Now, I'm not disputing with you that he may or may not say at the time that he submitted Virginia Form 21-2545, but in fact, whether it amounts to a pleading. I don't think it's limited to pleading, Your Honor. What Roberson, Zinre, and Moody, all three address, I believe, is that the VA must consider all filings, all evidence. The VA, the veteran's lay statement on that form is either a filing by him, or at least it is evidence, it's his lay statement. It may not be certainly medical evidence, but it is sufficient to convey to the VA that the veteran's leukemia. And that's what was being investigated at that stage. The veteran was asked, what are your complaints today? And it's in connection with development of the leukemia claim. And the veteran said, I have these complaints, diabetes, hypertension. He also mentioned three others. Actually, he didn't say diabetes. He said borderline diabetic. Correct. Well, then I think what that would require is the VA, if the veteran claims that he is borderline diabetic, I think that the VA reasonably is priced that he's claiming a diabetic condition, whether or not it is sufficiently severe to be rateable, and it goes back to the date of Tyler Rowe's question, would be a medical issue that, again, just simply was not developed. But the VA is clearly on notice by that form, that the veteran's complaints about his leukemia included a diabetic condition and a hypertension or high blood pressure condition, both of which are separately rateable, neither of which is directly service-connected back to the veteran's military service. It is more of a really analogous to a grading issue, such as a TDIU claim, where it's a downstream issue. In other words, until the VA grants the veteran's claim for the disease, which he contends is service-connected or should be service-connected. So you're not asking for the 1990 date as a matter of law, once it's accepted that there is a relationship between these disorders? The 1990, not under the facts of Mr. Allington's case, but I think that issue would have to go back to be developed and apply 3.400 and 38 U.S.C. 5110 and determine when did those residuals first manifest themselves sufficiently to be diagnosed and to be rated. You're saying, Ms. Booth, that what happened here was the veterans' court said that you can't have any date before 1998. Correct. And you're saying that was wrong and that in this case, the facts would establish probably some date between 1990 and 1998. Is that it? You're saying you were cut off from an inquiry here when they said the earliest date you can have is 1998. Yes, because the veterans' court did not apply the correct standard for determining whether the 1993 document is sufficient for this pro se veteran to assert a claim for secondary conditions, hypertension, and diabetes. Okay. Do you want to say the rest of your time? Yes, thank you. We have your position. Ms. Cohen. May it please the court. This court lacks jurisdiction to consider Mr. Allington's argument that the VA form 21-25-45 was an informal claim. That issue is an application of law and facts over which this court lacks jurisdiction. All that the veterans' court did is apply the regulation 3.155, as well as this court's holdings in Moody, Cimarron, and Roberson. Ms. Cohen, you're not challenging no jurisdiction on the other issue. No. The jurisdiction on this issue, though, is that whether any submission by a veteran is an informal claim is an application of law and fact. All that the veterans' court did in this case is apply the regulation in this circuit's law to Because you say in your brief, I think, that there could be a circumstance where a statement on one of these forms could amount to a claim. But you're saying, in any event, that's a factual issue, and we can't get to it. The only issue we can consider is whether the 98 date is the earliest date. That is correct. The portion that you just referred to of the veterans' court opinion on page 9 of the appendix, where they specifically declined to say, as a legal matter, that this form could never be an informal claim, makes it even more evident that it was a factual determination, that they said, on these facts, based upon what was written in this form, it was not an informal claim. If there were other facts of similar form, it maybe could be an informal claim, but it's not a legal claim. Agreed, no, established to be a secondary condition. So that's not an issue. And there is the specific regulation with respect to secondary conditions that makes it back. So are the rules, nonetheless, just as rigorous for a secondary condition as if it were a primary condition? In terms of determining whether the veteran is entitled to service connection or benefits for the secondary condition, the rules are just as rigorous. As the regulation requires, a secondary condition has to be considered in the same way that an original condition is considered. But the rules seem to be different for secondary conditions. Once the original condition is established, and the relationship with the secondary condition is established, the rules say, broadly, treat the secondary like the primary. Now you are asking for something else, and I guess the question is, what should it be, at what stage must it be just as rigorous, the statement of a claim, to establish the date? The entitlement is now established. It's just at which point in this procedure it's deemed to be established, recognizing, and I think Ms. Booth has agreed, we don't go back to the date of entitlement. Your Honor, what we are arguing is not that they should be treated differently, but that they should be treated the same, not as two of the same claims, but in the same way as an original claim. All that the regulation on secondary service condition requires is the service connection portion of a claim. It establishes that a secondary condition, even though it's not directly related to service, can still be considered service connected, but it doesn't apply to any other elements that are required in order for a veteran to receive compensation. As the Veterans Court stated in Roper and this Court affirmed, there are five elements to a claim. First is the veteran's status. The second is the existence of a disability. Third is service connection. The fourth is the degree of disability. And the fifth one would be the effective date. So all that the regulation regarding service connection does is address, regarding the secondary service connection addresses, it's just the service connection portion of that. The effective date is an entirely different determination, which is governed by 5110 and Regulation 3.400. And 5110 provides that the effective date of a claim is either the date of the claim itself or the date upon which there was entitlement, whichever comes later. So there has to be... So what's the date of entitlement? Now, as Ms. Groof says, that the date should be the date on which, at least if not earlier, he mentions in some kind of document before the VA that I've got these problems, which are eventually resolved as secondary conditions, and entitlement is not an issue. But you're saying that it has to be more formal than that? Well, there has to be both a claim and entitlement, and whichever comes later is the date of the effective date. So, Ms. Groof, from what I understand... Well, if it's established he had the condition, it's not asking for the condition starting in 1990 when it may not have manifested itself. At least we don't know. But there is a point at which there is a notification of the not-informal claim that I've got these additional problems. That's correct. And if we assume that these problems manifested themselves at some time before the 1998 letter, which the VA considered to be an informal claim, the fact is that there has to be both entitlement in that the diseases were manifested, and there has to be a claim. Entitlement is not an issue in terms of there is entitlement to this date. As Ms. Groof said, the factual record has not... There's no evidence in the factual record as to when the actual date of entitlement was. But the... That's the problem, isn't it? That's part of the problem, but the other problem is the date at which there was a claim, because even if there was entitlement prior to 1998, so it has to be under 5110, both entitlement and an actual claim, the 1993 form, as the Veterans Court determined, was not a claim, and therefore... But the statute and the regulations don't say, for a secondary condition, you must follow a formal claim or something that looks like a formal claim. All that it says is that it relates back to the original condition. Right, and it says that it has to be considered in the same way as an original condition is considered, and for it to get benefits... Where does it say that? In 3.310. For a secondary condition... That's correct. ...must be treated the same way as... That's correct. Of course, if this was entitlement, it's found. So when it says the same way, you mean not only for entitlement, but also you have received compensation until we go through all this exercise. That's correct. You knew that you had this complaint five years earlier. Because that complaint of symptoms was not a claim for benefits. Whether the symptoms were present or not does not comply with 5110. It requires both that there be symptoms present and there be an actual claim filed. Counsel, I'm confused. I thought that you just told Judge Newman that 3.310 basically requires a separate claim to be filed. 3.310 is the portion of the statute that says secondary consideration will be considered a part of the original condition, and I'm just struggling to see how that language... And, by the way, the government repeatedly argues that 3.310 only relates to service connection. It doesn't relate to claims. It doesn't relate to effective dates. So I guess I don't see how you're answering her question by pointing her to 3310 and saying that's why we know a secondary condition requires that a claim be filed. I wasn't saying that 3.310 directly requires that a claim be filed. I apologize for Judge's confusion about that. But what I was saying is that 3.310, as the Veterans Court found in Roper, requires that a secondary service condition be considered in the same way, not in a more favorable or less favorable way, as an original condition. And for an original condition, in order to get entitlement, there has to be a claim. Therefore, if a secondary condition is treated the same way as an original condition, there has to be a claim in order to get benefits for that condition. Ms. Connell, let me ask you. If we agree with the Veterans Court's reading of 3.310 and the regulation dealing with effective dates, you prevail, right? That's right. And let's assume for the moment, and I agree this is not a result, I understand this is not a result you're urging, but assume for the moment that one were to say that the Veterans Court erred in its reading of 3.310 along with the effective date regulation. What would be the correct result in that sort of situation? What would have to happen next? Would it go back to the Veterans Court, and I guess the board and all, for a determination of when a claim was, when this condition manifested itself? Yes, that would be what would have to happen because if you accept Mr. Ellington's argument in that the date of the claim for a secondary service connection has to be equivalent to the date of the original claim, which was back in 1990, Mr. Ellington's argument is that the effective date is either that 1990 date or the date that the symptoms of the secondary condition became apparent. So it would have to go back to the board to determine exactly when the symptoms became apparent because if it was sometime after 1990, then that would be the date, the effective date that the benefits would begin. Why exactly is that the right outcome? I mean, secondary conditions are certainly different from the primary conditions in some ways. I mean, we know 310 tells us that it should be part of the original condition. So explain to me why exactly, again, why exactly we should hold them to all the formality that is applicable to a primary claim when, I mean, everyone agrees the secondary condition arose as a result of the primary or the treatment of the primary. The primary has already been established. Why do we hold them to the same group? How does that make sense? I mean, it doesn't seem to be actually explicitly called for in the statute, but clearly that's the government's position. So tell me why that should be so. Because secondary conditions are meant to be treated the same way as original conditions. If, for example, the veteran had two totally unrelated disabilities, you know, we would treat one and make one have to go through the process of filing a claim, establishing service connection, all of those things. And then the other one would be treated differently. Certainly, but the secondary one is a direct outgrowth. The first one, the first one's already been established and accepted by the government, service connected and all those other things. So why, for the secondary condition, are we treating it like a totally separate and unrelated claim? Because it's not. It's not a separate and unrelated claim. It's the development of sort of, like, okay, suppose he was originally service connected for leukemia and the leukemia got worse. You know, I mean, you see what I'm saying? Suppose it's not really something different. It's just the same thing and it worsens. Even if it were that, under 5110, your example, if it was just a claim for leukemia and then he filed an additional claim saying it's gotten worse, I'd like more benefits, under 5110, the effective date would be the date that he filed the claim for the increased benefits. So even though in that case it's exactly the same condition, not just the connected condition, the effective date would still be the date of the claim for increase. So in that situation, the secondary claim's being considered in the same way as the claim for increase or a claim for reopening or anything in which the exact same condition is considered. All of them are meant to be considered the same way. So suppose on this example the veteran tells whoever he tells in the regional office, I'm much worse. That's all. He doesn't fill out the official form. He says, I'm much worse. That could not do. Is that right? It depends on what the factual determination would be in that case. If it depends, then here, too, shouldn't it depend on what in 1993 the factual situation was rather than saying it doesn't matter because the formality is different? No, it does matter. If we're looking at Mr. Ellington's argument that the effective date is based upon the 1993 form, our position is that it is a factual issue and that the board and the veterans court addressed that factual issue and determined that the 1993 form was not an informal claim and this court lacks jurisdiction to consider that portion of Mr. Ellington's argument. It lacks jurisdiction to decide whether, in fact, it was adequate. But our jurisdiction is to say that this is a question that must be considered by those charged with making these findings rather than saying we don't consider it at all. Certainly, this court has stated in previous cases by Roberson, Moody, and Semiraj that filing, you know, the VA needs to consider a claimant's filing to determine whether or not they're an informal claim. That's what the regulation itself requires, is that the VA look at filing to pleading, which is really what the case law says, and determine whether an informal claim has been made. So, yes, the court could say a determination needs to be made, but here there was a determination made and it was determined factually that there wasn't. Okay. Any more questions? Thank you. Thank you, Ms. Stone. Ms. Booth. Thank you, Your Honor. I'd like to offer one analogy that may help clarify what the veteran's position is about the effective date and treatment of the secondary condition as part of the original. For example, in the case of multiple sclerosis, the maximum rating for MS under the diagnostic codes is 30%. People who have multiple sclerosis are obviously a veteran. It's a very debilitating systemic disease. The rating after the service connection for the multiple sclerosis disease is established. The rating is established then by looking at the residuals. Does the veteran have a neurogenic bladder? There's a separate diagnostic code for that. Does he have loss of the use of his legs? There's a separate diagnostic code for that. Even though the veteran did not specifically assert throughout the pendency of his service connection claim for MS that he had these additional residuals, VA looks back and then rates those residuals as part of MS. Without the need for a separate claim? Correct. Correct. That is not to mean that, for example, the neurogenic bladder relates back to the date the original claim was filed, but rather the effective date is assigned according to the same rules as the original underlying disability. That's certainly helpful. What about the situation that I described where someone has some illness and it worsens such that they might be entitled to greater compensation and the government suggests that that would require the only way that would be given would be through a separate claim. In the absence of a separate claim, walking into a doctor's office and saying, my condition has worsened isn't enough. That's not exactly what she said, but just suppose that's what she said. Well, it depends on whether the increased rating is itself recognized as a separate claim under 3.400 and 5110, which assigns effective dates. It only recognizes four kinds of claims, an original claim, a claim to reopen, DIC, which is the widow's benefit, or pension, which is the income-based comparable to a welfare type of qualification for the veteran. It does not contemplate that a secondary condition will be treated as a separate claim. Now, if the veteran's condition would worsen after he's been rated, and that rating decision is final, if the veteran discovers he should have had additional residuals rated that he knew about, then it becomes, I think, a disheveled issue of whether or not. No, but I mean, just focus on whether it's something that develops over time, he worsens, and he wants to be re-rated to be able to acquire more appropriate disability compensation. The veteran may specifically ask VA for an increased rating, or under 3.57, there is, has special rules governing increased rating claims. Do they have to file a separate claim, though? A separate, yes. If the prior rating decision has become final, yes. Has the prior rating decision, in this case, with regards to leukemia become final? With regard to, well, the leukemia rating decision, I would agree, yes, is final. So why wouldn't this end up getting treated that way? Under de Shoto, you mean? Why wouldn't it end up getting, why wouldn't the secondary condition in this instance sensibly be treated the same way as the worsening condition, which would ask for an increased rating in the other example? If it is treated the same,  it has to be, it would encompass the residual conditions that were not rated at the time leukemia was service-connected and rated. But that would require, under de Shoto, two claims filed at the same time, only one is adjudicated, the other then is deemed denied. If, in order to get the two claims, the VA has to first admit that there's one 31 out. Let me ask you just one question very quickly. You heard my hypothetical with Ms. Cohen about if we were to rule in your favor on the interpretation of the effective date issue. You heard the discussion I had with Ms. Cohen, and she then recited what would happen if we ruled in your favor on that issue. Did you agree with what she said? She said it would have to go back, it would go back, and there would have to be a determination, I think, and I hope I'm not misquoting what she said or misunderstanding, but she said there would have to be a determination as to when this secondary condition manifested itself, prior to 98. Did you agree with that? I agree that it has to go back for application of the correct legal standard, and that implicates the factual inquiries. So you would agree with her if we ruled in your favor on the issue, it would go back for a determination as to when there was a manifestation of the condition. Is that what? Correct. Okay. Okay. Any more questions? Any more questions? Okay. Thank you, Ms. Cohen. Ms. Cohen. This has been a resolution.